## In re GURVITZ et al.

### (District Court, D. Massachusetts. September 15, 1921.)

In Bankruptcy. Order of referee denying petition of claimants to reclaim certain goods sold by them to alleged bankrupts.

Order of referee reversed in 276 Fed. 931.

Bergson, Ford & Bergson, of Boston, Mass. (Harry Bergson, of Boston, Mass., of counsel), for claimant.

Joseph Michelman, of Boston, Mass., for alleged bankrupts.

OLMSTEAD, Referee. This was a petition to reclaim certain goods sold to the debtors by the claimants, Pfeiffer, Wood & Co. I find that in the fall of 1920 there was a large drop in the value of men's shoes, and that the debtors had, notwithstanding the adverse condition of the market, continued to do business and were paying their bills up to the filing of the petition on the 17th day of May, 1921. Mr. Isenberg, the active man who kept the books of the debtors, testified that he did not know that the concern was insolvent about the 1st of May, and Mr. Gurvitz, the other partner, who had put in $10,000 as the capital of the concern located at 27 Albany street, and having two other stores in Salem and Holyoke, testified that he was surprised when a keeper was put in the store, and that he had thought that they were all right. Mr. Wood, one of the claimants, testified that the debtors wanted the goods in question, because they had a customer for them, and accordingly the goods were shipped on or about the 10th and 12th of May, although they had been ordered previously. Mr. Gurvitz testified that he thought he could pay in 10 days, and Mr. Isenberg said that he would take 15 days. The claimants had got a report from the Shoe & Leather Mercantile Agency to the effect that, if Mr. Gurvitz would O. K. the bill, it considered them good.

From all the evidence before me I find that the debtors were not hopelessly insolvent, and that they were doing business in the usual course of trade, and had hoped to overcome any temporary embarrassment. Even if the debtors had known that they were insolvent, this fact would have been sufficient to set aside a sale made to them. Watson v. Silsby, 166 Mass. 58, 43 N. E. 1117; In re Berg (D. C. Mass.) 183 Fed. 885, 25 Am. Bankr. Rep. 170, 175. I therefore entered an order on the 15th day of September, 1921, denying the petition to reclaim.